J-S11026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARD BUTTS | : | |
| | : | |
| Appellant | : | No. 1757 EDA 2016 |

Appeal from the PCRA Order May 12, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003823-2010

BEFORE:  SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:               **FILED MARCH 21, 2019**

Leonard Butts (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, as a petition ineligible for relief under the PCRA.  Additionally, Appellant's attorney, Erin P. Boyle, Esq. (Counsel), has filed a petition for leave to withdraw as counsel and "***Anders*** Brief."[1]  After careful consideration, we affirm and grant Counsel's petition to withdraw.

_____

[1] Counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396 (1967), apparently in the mistaken belief that an ***Anders*** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief.  A ***Turner/Finley*** no-merit letter, however, is the appropriate filing. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter.  ***Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

The PCRA court summarized the factual and procedural history of this case as follows:

> On February 1, 2010 Appellant was arrested by Philadelphia police in connection with missing "Game Stop" packages at the UPS shipping package facility on Oregon Avenue in Philadelphia. On September 28, 2010, Appellant was found guilty by waiver trial of theft by unlawful taking-movable property, criminal conspiracy, and receiving stolen property. The next court date was scheduled for November 9, 2010. On November 9, 2010, Defense counsel requested a continuance which was granted. The new listing was scheduled for January 4, 2011. On January 4, 2011, the trial court granted the defense attorney's Motion for a Continuance and the defense attorney waived a speedy sentencing. One February 15, 2011, the sentencing was continued to February 28, 2011. On February 28, 2011, the defense attorney requested yet another continuance which was granted. On March 9, 2011, a sentence of one year probation was imposed.
>
> On April 8, 2011, Appellant filed his timely petition for relief under the PCRA *pro se*. Attorney Elayne Bryn was appointed as defense counsel on November 28, 2011. After several Delinquency Notices from the Court, Ms. Bryn received the Notes of Testimony from Appellant's waiver trial on November 13, 2012 eight (8) months after the Appellant's one year sentence expired. Five (5) separate hearings were scheduled by the Court for Attorney Compliance on this matter. On November 12, 2014, Attorney for Appellant filed a Petition for Writ of Corum Nobis.[2]  No response was received

_____

[2] The PCRA court properly determined that Appellant is not entitled to *coram nobis* relief. "The PCRA . . . subsumes the remedies of *habeas corpus* and *coram nobis*" where the PCRA provides a remedy for the claim. **Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013); **see also** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including . . . *coram nobis*."). Here, Appellant sought *coram nobis* relief based on a claim alleging that his prior counsel was ineffective. Because such a claim is cognizable under the PCRA, Appellant is not entitled to *coram nobis* relief. **See Turner**, 80 A.3d at 770.

from the Commonwealth until a Motion to Dismiss was filed on February 3, 2016. The trial court granted the Commonwealth's Motion to Dismiss.

PCRA Court Opinion, 3/2/17, at 1-2 (citations omitted).[3] This timely appeal followed.

On October 26, 2018, Counsel filed a petition for leave to withdraw with this Court, attaching her *Anders* brief, with notice to Appellant that he had the right to proceed *pro se* or retain private counsel. Appellant has not filed a response to Counsel's petition.

Counsel's *Anders* brief presents one issue for our review:

WHETHER THE PCRA COURT ERRED BY DENYING APPELLANT POST-CONVICTION RELIEF BECAUSE APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED BECAUSE THERE IS NO REMEDY FOR AN APPELLANT TO PURSUE A TIMELY FILED CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL ON COLLATERAL REVIEWE [SIC] ONCE A CRIMINAL SENTENCE EXPIRES IN PENNSYLVANIA?

*Anders* Brief at 7.

As set forth above, Counsel has filed with this Court a petition for leave to withdraw as counsel and an appellate brief. Pursuant to *Turner/Finley*, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral appeal] is permitted." *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). In *Pitts*, our Supreme Court explained that such independent review requires proof of:

---

[3] On March 31, 2017, Attorney Bryn filed a petition to withdraw as counsel and for the appointment of new counsel, stating that she was retiring from the practice of law. This Court granted Attorney Bryn's motion by order dated April 25, 2017. The matter was remanded back to the PCRA court where current counsel, Attorney Boyle, was appointed.

1. A "no merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless[.]

*Id.* (citation and brackets omitted). Further, PCRA counsel seeking to withdraw in this Court must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes (i) a copy of both the no-merit letter, and (ii) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. ***Commonwealth v. Muzzy***, 141 A.3d 509, 511-12 (Pa. Super. 2016).

Upon review of Counsel's petition for leave to withdraw and the appellate brief submitted on Appellant's behalf, we conclude that Counsel has substantially complied with the procedural requirements of ***Turner*** and ***Finley***, as restated in ***Pitts***. Counsel identified the claim asserted by Appellant, reviewed the merits of that claim and explained why the claim lacks merit. Finally, Counsel represented to this Court that she advised Appellant he may proceed with privately retained counsel or *pro se*. Appellant has not filed any responsive pleadings. Thus, we conclude that Counsel has complied with the requirements necessary to withdraw as counsel. We now turn to an independent review of Appellant's PCRA petition to ascertain whether his claim warrants relief.

To be eligible for PCRA relief, a petitioner must prove that he or she is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). "Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief." ***Commonwealth v. Plunkett***, 151 A.3d 1108, 1109 (Pa. Super. 2016).

Our Supreme Court has explained:

> [b]ecause individuals who are not serving a state sentence have no liberty interest in and therefore **no due process right** to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest.

***Commonwealth v. Turner***, 80 A.3d 754, 766 (Pa. 2013) (emphasis added).

Here, the trial court sentenced Appellant to one year of probation. The effective date of Appellant's sentence was March 9, 2011. Thus, Appellant's sentence expired on March 9, 2012. Because Appellant is not "currently serving" a sentence for the underlying convictions, he is no longer eligible for relief under the PCRA, ***see*** 42 Pa.C.S.A. § 9543(a)(1)(i), and thus the PCRA court properly dismissed his petition. Moreover, in light of our Supreme Court's reasoning in ***Turner***, there is no merit to Appellant's claim that the PCRA court's application of section 9543(a)(1)(i) violates his right to due process. ***Anders*** Brief at 11.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/21/19